UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JIMMIE WELCH                                                                                    PLAINTIFF

V.                              No. 3:22-CV-00294-JM-ERE

SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

I.     Background

On February 6, 2019, Mr. Jimmy Welch protectively filed an application for benefits due to post-traumatic stress disorder ("PTSD"), degenerative arthritis, high blood pressure, heart palpitations, and possible hearing loss. *Tr. 13, 306.*

Mr. Welch's claims were denied initially and upon reconsideration. At Mr. Welch's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on June 30, 2021, where Mr. Welch appeared with his lawyer, and the ALJ heard

1

testimony from Mr. Welch and a vocational expert ("VE"). *Tr. 31-67*. On October 29, 2021, the ALJ issued a decision finding that Mr. Welch was not disabled. *Tr. 10-30*. The Appeals Council denied Mr. Welch's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-7*.

Mr. Welch, who was fifty-one years old at the time of the hearing, graduated high school and has past relevant work experience as a diesel mechanic and garage supervisor. *Tr. 38-39, 59*.

## II.   The ALJ's Decision[1]

The ALJ found that Mr. Welch had not engaged in substantial gainful activity since November 1, 2018, the amended onset date. *Tr. 15*. He concluded that Mr. Welch had the following severe impairments: cervical degenerative disc disease, status-post fusion; ankylosing spondylitis; osteoarthritis; cervicalgia; lumbar spondylosis; degenerative joint disease in the sacroiliac joints; rheumatoid arthritis; obstructive sleep apnea; anxiety; depression; post-traumatic stress disorder ("PTSD"); and obesity. *Id.* However, the ALJ found that Mr. Welch did

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 16.*

According to the ALJ, Mr. Welch had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) no climbing of ladders, ropes, or scaffolds; (2) only occasional stooping, kneeling, crouching, crawling, and overhead reaching; (3) avoid excessive vibration; (4) can make simple work-related decisions; (5) can maintain concentration, persistence, and pace for time in simple tasks; (6) can understand, carry out, and remember simple work instructions and procedures; (7) can adapt to changes in the work setting that are simple, predictable, and easily explained; and (8) occasional interaction with co-workers, supervisors, and the public. *Tr. 18.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Mr. Welch could perform, including poultry deboner and price marker. *Tr. 25, 60.* Accordingly, the ALJ determined that Mr. Welch was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on

the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    **B.    Mr. Welch's Arguments for Reversal**

Mr. Welch argues that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred in: (1) the RFC finding; and (2) failing to adequately consider Mr. Welch's mental impairments. *Doc. 11 at 11, 17.* Additionally, Mr. Welch asserts a wide range of general complaints about the Social Security rules and process. *Id. at 20-46.*

## C.   Analysis

### 1.   RFC Finding

Mr. Welch asserts that "diagnoses of ankylosing spondylosis[2] and rheumatoid arthritis in addition to degenerative disc disease and osteoarthritis provide substantial support for [his] allegations of disabling back and neck pain." *Doc. 11 at 11*.

First, diagnoses alone reveal nothing about the severity of the impairments. See *Perkins v. Astrue*, 648 F.3d 892, 900 (8th Cir. 2011) (holding that a mere diagnosis is insufficient to establish the existence of severe impairments); *Millsap v. Saul*, No. 3:19-CV-00338 PSH, 2020 WL 6120454, at *6 (E.D. Ark. Oct. 16, 2020) (holding "that the mere diagnosis does not equate with functional restrictions").

Second, the issue before the Court is not whether substantial evidence supports Mr. Welch's claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary

---

[2] Ankylosing spondylitis is "an inflammatory disease that, over time, can cause some of the small bones in your spine (vertebrae) to fuse. This fusing makes the spine less flexible and can result in a hunched-forward posture. If ribs are affected, it can be difficult to breathe deeply." www.mayoclinic.org/diseases-condictions/ankylosing-spondylitis/symptoms-causes/syc-20354808 (last visited June 23, 2023).

decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

Mr. Welch argues that "the only alleged evidence cited in the decision in support of the ALJ's conclusion is speculation regarding 'conservative treatment,'" and the decision on "physical limitations is based entirely on the fact that [Mr. Welch] has not had surgery." *Doc. 11 at 12*. Although Mr. Welch calls it speculation (*Doc. 11 at 16*), it was entirely proper for the ALJ to consider that Mr. Welch had undergone only conservative treatment. *Tr. 20*. See *Swarthout v. Kijakazi*, 35 F.4th 608, 612 (8th Cir. 2022) ("The ALJ also properly cited Swarthout's conservative treatment plan and resistance to treatment as factors that undermined her claim of severe disabling conditions."). The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Welch's complaints and the record.

Mr. Welch also argues that "the ALJ minimizes the fact that [he] has undergone physical therapy, been referred to pain management, diagnosed with chronic pain syndrome, prescribed a TENS unit and prescribed strong pain medications." *Doc. 11 at 13*. To support his argument, Mr. Welch cites to a thirteen-year-old medical record from 2010.[3] "Remote evidence of the existence of an impairment is insufficient alone to establish that a claimant currently

---

[3] The only other mention of a TENS unit in the record are two general references to it being a type of therapy available. *Tr. 2289, 2296.*

experiences functional limitations that diminish his capacity to perform work-related activities." *Simpson v. Colvin*, No. 1:13-CV-168 NAB, 2014 WL 5313724, at *18 (E.D. Mo. Oct. 16, 2014) (citing *Brockman v. Sullivan*, 987 F.2d 1344, 1348 (8th Cir. 1993)). Furthermore, Mr. Welch was still working in 2009 and 2010. "[A] condition that was not disabling during working years and has not worsened cannot be used to prove present disability." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994).

Generally, Mr. Welch also argues that the ALJ erred in discounting the credibility of his subjective complaints. Normally, the Court should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id*. When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting a claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this alone. *Id*. at 932. The ALJ

7

need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Weighing against Mr. Welch's credibility is his failure to follow his doctors' treatment recommendations. See *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's credibility). Mr. Welch was urged to quit smoking, but he did not. *Tr. 2307, 2324, 2352, 2368*. Additionally, Mr. Welch was advised to increase his physical activity levels. *Tr. 2365*. "A lack of functional restriction on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Finally, an August 2019, note indicates that Mr. Welch was unable to work without significant pain or discomfort, but he was "working around this by working towards . . . being able to sell lures." *Tr. 2349*. Mr. Welch's ability to sell lures contradicts his claim that he is disabled. See *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform a substantial gainful activity.").

### 2. Alleged Mental Impairments

Mr. Welch argues that "[t]he ALJ failed to adequately consider and account for [his] 'moderate' limitations in multiple areas of psychological functioning in his RFC." *Doc. 11 at 17*

To the contrary, to account for Mr. Welch's mental impairments, the ALJ specifically limited Mr. Welch to simple, unskilled work with only occasional interaction with co-workers, supervisors, and the public. *Tr. 18*. See *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (holding that limitation to simple, repetitive, routine tasks can adequately capture deficiencies in concentration, persistence, or pace); *Wilmore v. Kijakazi*, No. 3:22-CV-00008-JTR, 2022 WL 8163969, at *5 (E.D. Ark. Oct. 14, 2022) ("A moderate difficulty in maintaining concentration, persistence, or pace is consistent with performing simple, routine, and repetitive task jobs with reasoning levels that do not exceed two, where the supervision is simple, direct, and concrete, and where no public interaction is required."). The ALJ's finding was supported by a consultative mental examination and follow-up interrogatories by Kristi Ketz, Ph.D., which the ALJ found persuasive. *Tr. 22, 745-748, 2378-2381*. Furthermore, the record repeatedly showed "significant improvement in his avoidance behaviors and anxiety, and noticeable increases in his engagement with enjoyable and valued activities." *Tr. 2349, 2369, 2372*. Substantial evidence supports the RFC and it properly incorporated appropriate limitations to account for Mr. Welch's mental impairments.

### 3. General Arguments

The bulk of Mr. Welch's brief is devoted to general disagreement with Social Security regulations addressing the weight afforded to treating physicians' opinions, the Social Security process, alleged bias against claimants, the appropriate standard of proof, and alleged Constitutional violations in the overall process. These arguments have been previously rejected. See *Hayden v. Social Security Administration*, No. 4:22-cv-00376-JM (E.D. Ark.), *Docs. 11, 17, 19*; *Clark v. Kijakazi*, No. 4:22-cv-00106-LPR (E.D. Ark.), *Docs. 12, 21*; *Curbo v. Social Security Administration*, No. 3:21-cv-00208-KGB (E.D. Ark.), *Docs. 9, 11, 13*; *McFalls v. Social Security Administration*, No. 4:21-cv-01210-LPR (E.D. Ark.), *Docs. 10, 12, 14*; *Smith v. Social Security Administration*, No. 3:22-cv-00004-DPM (E.D. Ark.), *Docs. 8, 11, 13*.

Importantly, *nothing* in these arguments is specific to Mr. Welch. Accordingly, each argument is meritless and fails for lack of standing because Mr. Welch "does not allege any facts explaining how those issues caused the adverse ALJ decision in [his] case, or how a favorable decision in [his] claim for benefits would redress these alleged constitutional deficiencies." *Jordan v. Kijakazi*, No. 22-2843, 2023 WL 2733485 (8th Cir. March 31, 2023).

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Mr. Welch's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 23 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE